IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BEVERLEY C. SALAHUDDIN THOMPSON,<br><br>    Plaintiff,<br><br>vs.<br><br>THE TRUSTEES OF INDIANA UNIVERSITY, GUNNAR ORTLIEB, in his official capacity, BRAD SEIFERS, in his official capacity, W. QUINN BUCKNER, in his official capacity, CINDY LUCCHESE, in her official capacity, CATHY LANGHAM, in her official capacity, MICHAEL J. MIRRO, in his official capacity, JEREMY A. MORRIS, in his official capacity, J. TIMOTHY MORRIS, in his official capacity, KYLE S. SEIBERT, in his official capacity, DONNA B. SPEARS, in her official capacity, and VIVIAN WINSTON, in her official capacity, KWAN J. WALLACE, in his official capacity, and JOSHUA A. EAL, in his official capacity,<br><br>    Defendants. | Cause No. 1:23-cv-02094-TWP-MKK |

## PROPOSED CASE MANAGEMENT PLAN

**I.**     **Parties and Representatives**

    **A.**     **Plaintiff:**     Beverley C. Salahuddin Thompson

            **Defendants:** The Trustees of Indiana University; Gunnar Ortlieb; Cindy Lucchese; Michael J. Mirro; Jeremey A. Moris; J. Timothy Morris; Kyle S. Seibert; Donna B. Spears; Vivian Winston; Kwan J. Wallace; and Joshua A. Eal

    **B.**     **Plaintiff's Counsel:**     Sandra L. Blevins
                                        Jamie A. Maddox
                                        Courtney E. Endwright
                                        BETZ + BLEVINS
                                        One Indiana Square, Suite 1660
                                        Indianapolis, IN 46204

                              Telephone: (317) 687-2222
                              Fax: (317) 687-2221
                              E-mail:   litigation@betzadvocates.com
                                                  sblevins@betzadvocates.com
                                                  jmaddox@betzadvocates.com
                                                  cendwright@betzadvocates.com

**Defendants' Counsel:**   John R. Maley
                              Amanda Jane Gallagher
                              Charity Seaborn
                              BARNES & THORNBURG LLP
                              11 South Meridian Street
                              Indianapolis, IN 46204
                              Telephone: (317) 231-7464
                              Facsimile:  (317) 231-7433
                              Email:   john.maley@btlaw.com
                                              amanda.gallagher@btlaw.com
                                              charity.seaborn@btlaw.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II. <u>Jurisdiction and Statement of Claims</u>

    **A.**    This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1367.

    **B.**    **Plaintiff:**    Plaintiff Beverley C. Salahuddin Thompson was drugged, sexually assaulted, and left alone partially nude on Indiana University Bloomington's ("IU's") campus. After discovering Ms. Thompson, Defendants refused to treat Ms. Thompson as a victim of date rape drugs or of sexual assault. Instead, Defendants treated Ms. Thompson as if she had a substance abuse problem and even charged her with public intoxication. Defendants then subjected Ms. Thompson to a disciplinary process at IU because of Ms. Thompson's involuntary ingestion of a date rape drug. During this process, Defendants treated Ms. Thompson differently from other similarly situated male and/or white students. Ms. Thompson's record at IU still contains a reference to this disciplinary process. Defendants even improperly usurped Ms. Thompson's medical records and rape kit from IU Health in violation of HIPAA and then refused to provide the rape kit to the Indiana State Police despite a request from the Indiana State Police. Defendants offered pretextual justifications for these actions against Ms. Thompson. Defendants thus discriminated against Ms. Thompson based on her race and gender, in violation of 20 U.S.C. §§ 1681 through 1688 ("Title IX"), 42 U.S.C. §§ 2000d

through 2000d-7 ("Title VI"), 42 U.S.C. § 1981, and 42 U.S.C. § 1983. Moreover, by treating Ms. Thompson deplorably, including but not limited to by shaming her for being drugged and sexually assaulted, actively preventing any investigation into her sexual assault, usurping her medical records and rape kit without her permission in violation of HIPAA, and failing to maintain the confidentiality of her rape kit, Defendants' conduct constitutes intentional infliction of emotional distress against Ms. Thompson.

Plaintiff believes that discovery should proceed in this matter before the Court rules on Defendants' pending Motion to Dismiss, and a stay is unnecessary given the lack of merit to Defendants' arguments on standing, jurisdiction, and qualified immunity in their Motion to Dismiss. The decision to stay discovery is discretionary, and in counsel for Plaintiff's experience, courts in the Southern District of Indiana are reluctant to grant stays of discovery.

C. **Defendants:** Defendants have been and remain empathetic to Ms. Thompson's expressed trauma. However, Defendants responded appropriately to the circumstances based on the information available at the time and in a manner consistent with Indiana University's policies, practices, and procedures. Defendants moved to dismiss, [Filing No. 19], and Ms. Thompson filed an Amended Complaint, [Filing No. 29]. Defendants have moved to dismiss Ms. Thompson's Amended Complaint. [Filing No. 32.] Concerning Ms. Thompson's Title IX and Title VI claims, neither statute permits recovery against the individual defendants, and the allegations in the Amended Complaint fail to state a *prima facie* case against the University. Similarly, Ms. Thompson's allegations do not support a claim for intentional infliction of emotional distress under Indiana law. Finally, Ms. Thompson's Section 1981 and Section 1983 claims are: Ms. Thompson's claims are: (1) directed at improper parties; (2) do not set forth violations of federal law; and (3) seek relief that cannot be awarded under Section 1981 or Section 1983.

Defendants respectfully request that discovery not proceed until the disposition of the threshold dispositive motion and intend to file a Motion for Partial Stay of Discovery prior to the telephonic initial pretrial conference. "It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *6100 Pacific, LLC v. CWI, Inc.*, 2018 WL 3127175, at *2 (S.D. Ind. Mar. 16, 2018) (granting motion to stay discovery) (quoting *Chavous v. D.C. Fin. Responsibility & Mgt. Assistance Auth.*, 201 F.R.D. 1, 2 (D. D.C. 2001) (emphasis added). Indeed, this Court has stayed discovery on multiple occasions where, as here, a pending motion would dispose of the case. *See, e.g., Madbak, R&M Aviation, Inc. v. Anthem Ins. Cos.*, 2017 WL 5075262, at *1 (S.D. Ind. May 23, 2017) (granting stay pending ruling on motions to dismiss for lack of jurisdiction and failure to state a claim, noting "stay of discovery is

often appropriate where a pending dispositive motion can resolve the case"); *Berry Plastics Corp. v. Ill. Natl's Ins.*, 2017 WL 5054745 (S.D. Ind. Jan. 20, 2017) (staying discovery pending ruling on dispositive motion). If Ms. Thompson's claims were to survive dismissal, Defendants respectfully maintain that substantial evidence will refute and contradict the allegations in the Amended Complaint.

### III. Pretrial Pleadings and Disclosures

    **A.**    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **March 20, 2024**.

    **B.**    Plaintiff(s) shall file preliminary witness and exhibit lists on or before **March 27, 2024**.

    **C.**    Defendant(s) shall file preliminary witness and exhibit lists on or before **April 3, 2024**.

    **D.**    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **April 22, 2024**.

    **E.**    Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **April 22, 2024**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal. The parties shall submit (not file) courtesy copies of their respective demand and response at the time of service via email to mjklump@insd.uscourts.gov. There is no need to follow the email with a hard copy.

    **F.**    Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **November 20, 2024**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **December 20, 2024**.
If Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **December 20, 2024**.
Defendants assert that discovery should not proceed until the dismissal motion is adjudicated; thereafter if the case proceeds discovery should commence. Defendants will request 60 days from Plaintiff's expert disclosures for any defense expert disclosures.

**G.** Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

**H.** Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **April 4, 2025.**

**I.** Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

**J.** All parties shall file and serve their final witness and exhibit lists on or before **January 21, 2025**.
This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony. Defendants assert that discovery should not proceed until the dismissal motion is adjudicated; thereafter if the case proceeds discovery should commence and a reasonable deadline for final lists should be set 30 days prior to the close of discovery.

**K.** Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

**L.** Discovery of electronically stored information ("ESI").

    1. Description of Anticipated Production of ESI. Electronically stored information ("ESI") shall include at least electronic mail, text messages, electronic schedules, payroll and personnel records, Human Resources Information Systems ("HRIS"), employment policies and procedures, computer files, and digital recordings contained on any devices or

other media containing electronically stored information, which includes smart phones, tablets, computer hard drives, central servers, cloud-based servers, and any archived email databases, as used by the parties and within the parties' possession, custody, or control.

The parties agree that discovery of electronically stored information ("ESI") is not likely to be substantial in this case. If, as the case progresses, the parties do believe a substantial volume of ESI is likely to be produced, the parties agree to confer and either enter into a written agreement concerning the production of ESI or move to amend this Case Management Plan as necessary. The parties reserve the right to withhold any discovery documents/data based on a known privilege.

2. <u>Format of Production of ESI</u>. Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, the following presumptions apply. If a party requests ESI, the producing party will first provide the requesting party with copies of those documents in an easily reviewable format, such as native format, paper, PDFs, or TIFs, so long as metadata is preserved. The producing party may elect to produce these documents on an external hard drive with a USB connection or by download from a secured ftp site. The producing party shall pay all expenses of identifying, gathering, and producing the requested documents. If after reviewing a document in its originally-produced format, the requesting party seeks to review any or all documents in a different format, in particular its native format, then the requesting party shall identify those documents, and the parties shall confer in good faith to determine the feasibility of providing the documents in the requested format, the costs of producing the documents in the requested format, and the party to bear the costs of producing the documents in the requested format. If the parties cannot reach agreement after meeting and conferring, then the requesting party may seek resolution through the court. Nothing in this language is intended to preclude any party from petitioning for the reimbursement of costs in the event the party prevails in this matter.

3. <u>Unintentional Disclosure of Privileged Documents</u>. In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, a receiving party must follow the procedure outlined by Fed.R.Civ.P. 26(b)(5)(B) by promptly returning,

6

>sequestering, or destroying the specified information and any copies it has. The receiving party must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved. The producing party shall also promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**IV.     Discovery[1] and Dispositive Motions**

    **A.**     Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?

    **Plaintiff:**     No.

    **Defendants:**  Defendants have moved to dismiss. If any claim survives dismissal, Defendants anticipate summary judgment motions would later be filed.

    **B.**     On or before **September 27, 2024**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based. Defendants assert that discovery should not proceed until the dismissal motion is adjudicated; thereafter if the case proceeds discovery should commence. The deadline for this filing should be 60 days prior to the close of discovery.

    **C.**     Select the track that best suits this case:

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

7

Plaintiff's Position: Plaintiff believes **Track 2** is appropriate in this case. Dispositive motions are expected and shall be filed by **November 20, 2024**; non-expert witness discovery and discovery relating to liability issues shall be completed by **September 20, 2024**; expert witness discovery and discovery relating to damages shall be completed by **February 20, 2025**.

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

V. **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in September 2024.**

8

## VI. Trial Date

The parties request a trial date in March 2026. The trial is by jury and is anticipated to take 5 days.

Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

Defendants assert that discovery should not proceed until the dismissal motion is adjudicated; thereafter if the case proceeds discovery should commence, and scheduling including trial should be determined, with at least 180 days from the summary judgment deadline.

Plaintiff believes that discovery should proceed in this matter before the Court rules on Defendants' pending Motion to Dismiss, and a stay is unnecessary given the lack of merit to Defendants' arguments on standing, jurisdiction, and qualified immunity in their Motion to Dismiss. The decision to stay discovery is discretionary, and in counsel for Plaintiff's experience, courts in the Southern District of Indiana are reluctant to grant stays of discovery.

## VII. Referral to Magistrate Judge

    A. **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

    B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. Required Pre-Trial Preparation

    A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

**B. ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. <u>Other Matters</u>

By agreement, all parties shall produce all requested, non-privileged documents no later than two (2) weeks after the corresponding written discovery responses are served. This provision does not apply to supplemental discovery required by Fed.R.Civ.P. 26(e).

The parties anticipate that a protective order will be necessary in this matter. The parties will promptly provide the Court with a proposed protective order for the Court's consideration.

Respectfully submitted,

| | |
|---|---|
| *s/ Courtney E. Endwright* <br> Sandra L. Blevins, Atty. No. 19646-49 <br> Courtney E. Endwright, Atty. No. 30557-49 <br> Jamie A. Maddox, Atty. No. 26522-49 <br> BETZ + BLEVINS <br> One Indiana Square, Suite 1660 <br> Indianapolis, IN 46204 <br> T: (317) 687-2222 <br> F: (317) 687-2221 <br> sblevins@betzadvocates.com <br> jmaddox@betzadvocates.com <br> cendwright@betzadvocates.com <br> litigation@betzadvocates.com <br><br> *Attorneys for Plaintiff* | *John R. Maley (with permission)* <br> John R. Maley <br> Amanda Jane Gallagher <br> Charity Seaborn <br> BARNES & THORNBURG LLP <br> 11 South Meridian Street Indianapolis, IN 46204 <br> Telephone: (317) 231-7464 <br> Facsimile:  (317) 231-7433 <br> Email:    john.maley@btlaw.com <br>            amanda.gallagher@btlaw.com <br>            charity.seaborn@btlaw.com <br><br> *Attorneys for Defendants* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| X | PARTIES APPEARED IN PERSON/BY COUNSEL ON  3/7/2024  FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| X | APPROVED AS AMENDED. |
| X | A TELEPHONIC STATUS CONFERENCE IS SET IN THIS CASE FOR  6/26/2024 at 9:30 AM  . The information needed by counsel to participate in this conference will be provided by a separate notification. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
| X | NON-EXPERT WITNESS AND LIABILITY DISCOVERY SHALL BE COMPLETED BY  09/20/2024 |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN 11/20/2024 |

      Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

      **APPROVED AND SO ORDERED.**

Date: 3/11/2024

_____
M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

all ECF-registered counsel of record via email generated by the court's ECF system