UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BEVERLEY C. SALAHUDDIN THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-cv-02094-TWP-MKK |
| | ) |
| THE TRUSTEES OF INDIANA UNIVERSITY, | ) |
| GUNNAR ORTLIEB In his official capacity, | ) |
| BRAD SEIFERS In his official capacity, | ) |
| W. QUINN BUCKNER In his official capacity, | ) |
| CINDY LUCCHESE In her official capacity, | ) |
| CATHY LANGHAM In her official capacity, | ) |
| MICHAEL J. MIRRO In his official capacity, | ) |
| JEREMY A. MORRIS In his official capacity, | ) |
| J. TIMOTHY MORRIS In his official capacity, | ) |
| KYLE S. SEIBERT In his official capacity, | ) |
| DONNA B. SPEARS In her official capacity, | ) |
| VIVIAN WINSTON In her official capacity, | ) |
| KWAN J. WALLACE In his official capacity, | ) |
| JOSHUA A. EAL In his official capacity, | ) |
| | ) |
| Defendants. | ) |

## ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO ADD PARTIES

This matter is before the Court on Plaintiff Beverley C. Salahuddin Thompson's ("Thompson") Motion for Leave to Add Parties (Filing No. 81). For the following reasons, Thompson's Motion is **denied**.

### I. BACKGROUND

Thompson initiated this action in state court alleging several claims against Defendants: (1) violation of Title IX; (2) violation of Title VI; (3) violation of Section 1981; (4) violation of Section 1983; and (5) intentional infliction of emotional distress (Filing No. 1-2). Defendants removed the case to federal court on November 20, 2023 (Filing No. 1).

On January 2, 2024, Defendants filed a Motion to Dismiss for Failure to State a Claim ([Filing No. 19](#)). On January 23, 2024, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Thompson filed an Amended Complaint ([Filing No. 29](#)). In line with the practices of the Court, on February 29, 2024, the parties worked together to create a Case Management Plan ("CMP"). ([Filing No. 36](#)). The CMP outlines deadlines for pretrial pleadings and disclosures. As relevant to the instant Motion, the final date to file a motion for leave to amend the pleadings and/or to join additional parties was April 22, 2024 ([Filing No. 43 at 4](#)).

On February 5, 2024, Defendants filed a Motion to Dismiss ([Filing No. 32](#)) the Amended Complaint, which was granted on September 24, 2024 ([Filing No. 78](#)). The Court dismissed the case without prejudice and gave Thompson fourteen days from the date of the order to file a second amended complaint. On October 8, 2024, Thompson filed the operative Second Amended Complaint ([Filing No. 80](#)) and a Motion for Leave to Add Parties ([Filing No. 81](#)). Defendants filed their response opposing the motion ([Filing No. 98](#)) and Thompson filed her reply ([Filing No. 103](#)). This Motion is now ripe for review.

## II.     LEGAL STANDARD

When a motion for leave to amend is filed after the relevant case management deadline, the Court is to use a "two-step process" to analyze the request. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). First, the movant must demonstrate good cause to justify modifying the scheduling order. *Id.*; Fed. R. Civ. P. 16(b)(4). Then, the Court may engage in the typical analysis for a motion for leave to amend, pursuant to Rule 15. *Alioto*, 651 F.3d at 719.

Under Federal Rule of Civil Procedure 15, a party is afforded the opportunity to amend its pleading with the opposing party's written consent or the Court's leave, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court may "deny leave to amend whe[n] there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies,

undue prejudice to the opposing party, or when the amendment would be futile." *Mulvania v. Sherriff of Rock Island Cty.*, 850 F.3d 849, 855 (7th Cir. 2017) (citing *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

### III.     DISCUSSION

Thompson moves the Court to allow her to add Libby Spotts ("Spotts") as a new defendant and add Brad Seifers ("Seifers"), Joshua Eal ("Eal"), and Kwan Wallace ("Wallace")—defendants sued in their official capacities—as defendants in their individual capacities. Thompson argues good cause exists to permit modification of the CMP because (1) she did not know Spotts was the key decisionmaker prior to her September 2024 deposition and (2) Seifers, Eal, and Wallace would not be prejudiced if added in their individual capacities because they were aware of this litigation from the beginning. Defendants argue the Motion should be denied because the Motion is blatantly untimely, no good cause has been shown, and the attempted claims against the added parties fail as a matter of law ([Filing No. 98](Filing No. 98)).

As stated above, when a party seeks to amend pleadings after the deadline, the Court must first determine that the party has good cause to modify the CMP. Fed. R. Civ. P. 16(b)(4). It is Thompson who bears the burden of showing why such good cause exists. *See Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). ("[A] party must show that despite their diligence the timetable could not have reasonably been met."). Ultimately, "the decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002).

Rule 16's good cause standard primarily considers the diligence of the party seeking amendment. *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). Specifically, the Seventh Circuit has held that the requisite diligence is not established if

3

delay is shown and the movant provides no reason, or no good reason, for the delay. *See Alioto*, 651 F.3d at 719.

At the crux of Thompson's Motion, she argues that she was unaware of Spotts' involvement in the student disciplinary matter at issue until depositions were complete, which took place five months after the April 22, 2024, deadline to amend pleadings/add parties. Thompson provides no reason as to why, despite knowing of Seifers, Eal, and Wallace's conduct, she failed to add them in their individual capacities prior to the deadline. Thompson concludes her good cause argument stating that Defendants would not be prejudiced as the claims against the new defendants "[arise] out of the same conduct, transaction, or occurrence" as those initially pleaded.

Defendants argue that from the outset of this case, Thompson's claims have targeted the Office of Student Conduct at Indiana University and Spotts, the defendant she seeks to add, is listed as the Senior Associate Dean of Students on its website. Defendants also contend they produced several documents in response to Thompson's 155 document requests which mentioned Spotts, Seifers, Eal, and Wallace, several times. Specifically, the production included 25 references to Spotts, and the interrogatory responses served on July 3, 2024, reference Spotts as well.

Thompson has failed to demonstrate good cause to add parties, especially six months after the deadline for amendments. Thompson, with due diligence, could have determined Spotts' role in this case prior to April 22, 2024. Thompson was also made aware of Spotts' potential involvement in July, and again after Spotts' deposition September 3, 2024. Yet, Thompson waited until October 8, 2024, the final day to amend her complaint pursuant to this Court's order (Filing No. 78), to file the instant Motion. Moreover, Thompson has been aware of Seifers, Eal, and Wallace's role since the filing of the Original Complaint but decided not to include them in their individual capacities.

4

Thompson's generalized statements that Defendants would not be prejudiced, and that this amendment is not improperly motivated, is not a demonstration of good cause.

## IV. CONCLUSION

For the reasons set forth above, Thompson's Motion for Leave to Add Parties (Filing No. 81) is **DENIED**.

**SO ORDERED.**

Date: 11/15/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Sandra L. Blevins
BETZ & BLEVINS
sblevins@betzadvocates.com

Courtney E. Endwright
BETZ & BLEVINS
cendwright@betzadvocates.com

Amanda Jane Gallagher
BARNES & THORNBURG, LLP
Amanda.Gallagher@btlaw.com

Jamie A. Maddox
BETZ & BLEVINS
jmaddox@betzadvocates.com

John R. Maley
BARNES & THORNBURG, LLP
jmaley@btlaw.com

Charity Seaborn
BARNES & THORNBURG, LLP
Charity.Seaborn@btlaw.com