UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BEVERLEY C. SALAHUDDIN THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-02094-TWP-MKK |
| | ) | |
| THE TRUSTEES OF INDIANA UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on Plaintiff's Motion to Maintain Documents Under Seal, Dkt. [141]. For the reasons set forth below, the Court takes Plaintiff's Motion, Dkt. [141], **UNDER ADVISEMENT**. Plaintiff is ordered to file an updated redacted copy of the Exhibit, (Dkt. 140), no later than **January 24, 2025.**

I.   **Legal Standard**

"Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). Thus, a party may only file a document under seal if it has "good cause." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). But sealing documents filed with the court is the exception, not the rule. Materials that enter the court record "that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Intern., Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002); *see also In re Violation of Rule 28(D)*, 635 F.3d 1352, 1360 (Fed. Cir. 2011). Simply designating information as confidential is insufficient to permit under-seal filing. *Union Oil Co. of California v. Leavell*, 220

1

F.3d 562, 567 (7th Cir. 2000) (noting that requests to seal proceedings that are based on confidentiality orders have been uniformly rejected, unless another good cause exists). It is not enough to simply assert that disclosure is harmful; a party must explain how disclosure would cause harm and warrants secrecy. *Baxter*, 297 F.3d at 547.

    II.    Discussion

On December 10, 2024, Plaintiff filed a sealed Exhibit, (Dkt. 140), in support of her Motion to Convert Defendants' Motion to Dismiss into a Motion for Summary Judgment, (Dkt. 139). Plaintiff indicated that she had marked this document as Confidential pursuant to the Stipulated Protective Order (Dkt. 141 at 2). Plaintiff indicates that the sealed Exhibit, (Dkt. 140), contains information that is "highly personal, extremely sensitive, and non-public" information about Plaintiff, as it includes medical records as well as details concerning sexual assault. (Dkt. 142 at 2). Plaintiff contends that her interest in privacy outweighs any probative value of the information referenced in the Exhibit. (*Id.* at 2).

While the Court agrees that the information contained within the document at issue contains confidential information that could be sealed, the redacted version of the document provided by Plaintiff is over-redacted. For example, there are multiple entries that are redacted that do not mention medical information or sexual assault. Plaintiff is reminded that sealing documents is the exception, not the rule; the category of information that is sealable is narrow, and redactions should be done on a word-by-word basis to ensure the minimum amount of redaction necessary to protect the specific words that are subject to being sealed. Thus, the Court takes Plaintiff's Motion, Dkt. [141], **UNDER ADVISEMENT**. Plaintiff is ordered to file an updated redacted copy of the Exhibit, (Dkt. 140), no later than **January 24, 2025.**

### III.    Conclusion

The Court takes Plaintiff's Motion to Maintain Documents Under Seal, Dkt. [141], **UNDER ADVISEMENT**. Plaintiff is ordered to file an updated redacted copy of the Exhibit, (Dkt. 140), no later than **January 24, 2025.**

**SO ORDERED.**

Date: 1/10/2025

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:
All ECF-registered counsel of record via CM/ECF