IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BEVERLEY C. SALAHUDDIN          )
THOMPSON,                       )
                                )
            Plaintiff,          )
                                )        Cause No. 1:23-cv-02094-TWP-MKK
       vs.                      )
                                )
THE TRUSTEES OF INDIANA         )
UNIVERSITY, et al.,             )
                                )
            Defendants.         )

**PLAINTIFF'S STATEMENT IN SUPPORT OF MOTION FOR
LEAVE TO CONDUCT ADDITIONAL DEPOSITIONS**

In accordance with *Plaintiff's Motion for Leave to Conduct Additional Depositions* ("Motion for

Leave") and *Plaintiff's Reply in Support of Motion for Leave to Conduct Additional Depositions* ("Reply"), as well

in response to the Court's Order dated January 9, 2025 [Dkt. 174][1], Plaintiff Beverley C. Salahuddin

Thompson ("Beverley"), by counsel, continues to seek leave to conduct the additional depositions of

Rebecca Schmuhl; Eric Mayo; Jordan Mullis; Josh Sung; Martin A. McCrory; Melanie Hamilton;

Christopher Fears; and Riley Nungester (in addition to the Rule 30(b)(6) already permitted by the

Court). These depositions are vital to proving Beverley's claims.

The Court denied Defendants' Third Motion to Dismiss Beverley's claims under Title VI and

Title IX as well as her intentional infliction of emotional distress ("IIED") claim. The Court found that

"Thompson's allegations that IU destroyed her sexual assault kit and are actively impeding an

investigation by Indiana State Police into such sexual assault are enough to establish a claim for IIED."

[Dkt. 163 at 16]. These individuals all have personal and unique knowledge relevant to these claims.

---

[1] The Court is providing Defendants with the opportunity to respond to Beverley's Statement. Beverley moved to strike most of Defendants' Response because it contained irrelevant and scurrilous statements about Beverley. *See* [Dkt 116]. Defendants have thus waived any substantive response they failed to previously make.

1.      **Rebecca Schmuhl**, an IUPD Lieutenant, was IUPD's lead investigator on Beverley's matter. Her unique knowledge includes the following information:

(a) Lt. Schmuhl approved the facts and summary included in Beverley's incident report, and only Lt. Schmuhl knows what was changed in the incident report.

(b) Lt. Schmuhl allegedly checked with IUPD and the Bloomington Police Department ("BPD") for sexual assault kits, and IUPD and BPD allegedly never found Beverley's or any other unclaimed sexual assault kits. However, the "shiftcomm" report for October 13, 2021 (i.e., the same as day as Beverley's sexual assault), summarizes Beverley's case and the unclaimed Sexual Assault Kit IUPD Case No. 213161 in the same report. IUPD Officer Joshua Sung connected Beverley's IUPD Case No. 213149 and the allegedly unclaimed Sexual Assault Kit No. 213161, yet somehow Lt. Schmuhl failed to make the same connection before its destruction in April 2024. Lt. Schmuhl asserted personal knowledge on this destruction in a recent declaration, although she did not personally destroy it. *See* Dkt. 167-3 at 2¶¶6-7.

(c) Lt. Schmuhl personally reviewed Kilroy's receipts of Beverley's purchases (which Defendants have not produced) as well as video footage from the evening Beverley was sexually assaulted, and her written report appears to contradict her body-cam footage.

(d) Lt. Schmuhl spoke to the Indiana State Police ("ISP") about Beverley's request for ISP to investigate her sexual assault. Lt. Schmuhl's report in the IUPD Case Report conflicts with what Beverley's counsel at the time, Meggan Ehret, learned from ISP.

Lt. Schmuhl's deposition is vital to Beverley's Title IX, Title VI, and IIED claims.

2.      **Eric Mayo**, the Director of Information Technology Systems for IU Public Safety as well as the administrator over IUPD's document and case management system), was and is involved in gathering and preserving information and evidence relating to Beverley's IUPD Case No. 213149, surveillance footage, body-worn cameras, and other technology and evidence related to Beverley. Other deponents testified that Mr. Mayo is the person with knowledge of who accessed evidence on the IUPD system and who had access to make changes to incident reports. Because Defendants failed to produce body-worn camera footage from Officer Norris's collection of Beverley's sexual assault kit at IU Health, Mr. Mayo's testimony is particularly relevant to Beverley's Title IX, Title VI, and IIED claims.

3.      **Jordan Mullis**, IUPD's current evidence technician, apparently destroyed Beverley's sexual assault kit on April 4, 2024. He is the only one with personal knowledge of this destruction. Mr. Mullis' deposition is vital to Beverley's IIED claim.

4.     **Josh Sung**, now an IUPD Sergeant, had multiple communications with Beverley's former counsel, Meggan Ehret, during which he informed her that IUPD had the sexual assault kit for Beverley, and Ms. Ehret told him Beverley wanted her sexual assault to be investigated but by ISP, not IUPD, during a preserved recorded phone call attached to Beverley's IUPD Case No. 213149. Ms. Ehret later left a voicemail for Sgt. Sung that he attached as evidence to Beverley's incident report. The incident report for IUPD Case No. 213149 relating to Beverley included a report by Sgt. Sung, and Sgt. Sung attached a voicemail he left for Ms. Ehret to Beverley's case. Only Sgt. Sung knows why he attached the voicemail message to Beverley's case instead of the case number associated with Beverley's unreported sexual assault kit. Sgt. Sung's deposition is vital to Beverley's IIED claim.

5.     **Melanie Hamilton**, an IU Health nurse, collected the sexual assault kit from Beverley. Defendants dispute that any evidence exists that Beverley was sexually assaulted. Ms. Hamilton's deposition is vital to Beverley's IIED claim.

6.     **Christopher Fears**, an ISP Sergeant, and **Riley Nungester**, an ISP Trooper, spoke with Ms. Ehret about Beverley's desire for ISP to investigate her sexual assault instead of IUPD. Sgt. Fears and/or Trooper Nungester contacted IUPD and later informed Ms. Ehret that IUPD would not release the unclaimed sexual assault kit to ISP, and ISP could not make IUPD do so. IUPD's written reports contradict what Sgt. Fears and Trooper Nungester told Ms. Ehret about their communications with IUPD. These depositions are vital to Beverley's Title IX, Title VI, and IIED claims.

7.     **Martin A. McCrory**, a professor at Indiana University Bloomington Kelley School of Business, called the Dean of Students, who supervises the Office of Student Conduct ("OSC"), in Beverley's presence to advise him of Beverley's sexual assault before Beverley's Judicial Conference, but Beverley only heard Prof. McCrory's side of the conversation. IU claims no one in the OSC knew about her sexual assault until the Judicial Conference. Prof. McCrory's deposition is vital to Beverley's Title IX, Title VI, and IIED claims.

The unique knowledge the above individuals possess is set out more fully in Plaintiff's Motion for Leave. The Court should thus allow the above depositions to proceed.

Respectfully submitted,

*s/ Sandra L. Blevins*
Sandra L. Blevins, Atty. No. 19646-49
Jamie A. Maddox, Atty. No. 26522-49
Courtney E. Endwright, Atty. No. 30557-49

*Attorneys for Plaintiff Beverley C. Salahuddin Thompson*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on the 14th day of January, 2025. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/Sandra L. Blevins*
Sandra L. Blevins

BETZ + BLEVINS
One Indiana Square, Suite 1660
Indianapolis, Indiana 46204
Office: (317) 687-2222
Fax: (317) 687-2221
E-mail:    sblevins@betzadvocates.com
            litigation@betzadvocates.com