UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BEVERLEY C. SALAHUDDIN THOMPSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE TRUSTEES OF INDIANA UNIVERSITY, et al.,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　No. 1:23-cv-02094-TWP-MKK<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is Plaintiff's Motion for Leave to Conduct Additional Depositions, Dkt. [75]. For the reasons that follow, the Motion, Dkt. [75], is **GRANTED IN PART**.

If a party wishes to take more than ten depositions, the "party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2)(A)(i). That is, Rule 30(a)(2)(A)(i) directs that the Court *must* grant leave to take additional depositions to the extent it determines that:

> (i) the discovery sought through the additional depositions (a) is not "unreasonably cumulative or duplicative;" or (b) cannot "be obtained from some other source that is more convenient, less burdensome, or less expensive;"
>
> (ii) the party seeking leave to conduct additional depositions did not "ha[ve] ample opportunity to obtain the information" through other means of discovery in this action; and

(iii) the proposed deponents' testimony falls within "the scope permitted by Rule 26(b)(1)," *i.e.*, it is "relevant to any party's claim or defense" and "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Fed. R. Civ. P. 26(b)(1); Fed R. Civ. P. 26(b)(2)(C)(i)-(iii); Fed R. Civ. P. 30(a)(2)(A)(i). The Court considers the "totality of the circumstances" in deciding, like most all other discovery matters, whether to authorize additional depositions. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). The Court exercises broad discretion in resolving matters relating to discovery. *Id.*

Plaintiff requests that the Court grant leave to allow her to depose the following individuals:

| Individual: | Reason for Deposition: | Hours Requested: |
|---|---|---|
| Rebecca Schmuhl | Lead investigator of IUPD Case No. 213149 relating to Plaintiff | Not indicated |
| Eric Mayo | Director of IT at IU, may have knowledge of electronic evidence gathered by IUPD | Not indicated |
| Jordan Mullis | May be the individual who destroyed Plaintiff's sexual assault kit | 4 hours |
| Josh Sung | Detective who spoke with Plaintiff's former counsel regarding potential investigation | 2 hours |
| Martin McCrory | Professor who called the Dean of Students, involved in reporting of sexual assault | 2 hours |
| Melanie Hamilton | Nurse at IU Health, collected Plaintiff's sexual assault kit | 4 hours |

| Individual: | Reason for Deposition: | Hours Requested: |
|---|---|---|
| Christopher Fears | ISP Sergeant, indicated to Plaintiff's former counsel that IUPD would not release the sexual assault kit to ISP | 2 hours |
| Riley Nungester | ISP Trooper who spoke with Plaintiff's former counsel regarding Plaintiff's desire for ISP to investigate the alleged sexual assault | 2 hours |

(Dkt. 75 at 5–14). Plaintiff asserts that each one of these individuals was identified by other deponents as persons who may have knowledge on the topics identified above. (*Id.* at 4–5). Plaintiff asserts that the depositions are relevant to her claim that Defendants destroyed her sexual assault kit. (Dkt. 113 at 9). Plaintiff contends that each of the above individuals is believed to have unique information that is not cumulative or duplicative of the testimony by any other deponent, and that such information cannot be discovered by other means. (*Id.*). Plaintiff contends that additional depositions are justified considering Defendants have "virtually all of the relevant information" within their custody. (*Id.* at 10).

In response, Defendants argue that Plaintiff has not met her burden of showing that additional depositions are necessary, as Plaintiff has already taken ten depositions and Defendants have only taken one. (Dkt. 84 at 15). The Court does not find this argument persuasive, as it was Defendants' choice to take only one deposition, and the discovery needs of one party do not automatically mirror those of the other. Additionally, the Court agrees that given the nature of this case and

the identity of those who appear to possess the relevant evidence, it is reasonable to conclude that Plaintiff may seek more discovery than Defendants.

Additionally, Defendants argue that "Plaintiff's counsel's re-filing of and adding to the allegations with a Second Amended Complaint does not somehow open the door to even more needless and expensive discovery." (Dkt. 84 at 15). This argument is not convincing, however, considering Plaintiff filed this Motion before the Court's Order granting Defendants' Motion to Dismiss and before Plaintiff filed her Second Amended Complaint. Moreover, Defendants failed to make any witness-specific arguments as to why the information sought in the requested depositions would be cumulative, duplicative, not proportional to the needs of the case, or available through other means of discovery. Plaintiff had advanced witness-specific arguments.

In sum, considering the totality of the circumstances, the Court finds that Plaintiff has made the necessary showing under Rules 26 and 30 and **GRANTS IN PART** Plaintiff's Motion for Leave to Conduct Additional Depositions, Dkt. [75]. Plaintiff may conduct the eight additional depositions that she requests subject, however, to the following time limits:

| Individual: | Deposition Time Limit: |
|---|---|
| Rebecca Schmuhl | 6 hours |
| Eric Mayo | 4 hours |
| Jordan Mullis | 4 hours |
| Josh Sung | 2 hours |
| Martin McCrory | 2 hours |
| Melanie Hamilton | 2 hours |

| Christopher Fears | 2 hours |
|---|---|
| Riley Nungester | 2 hours |

So ORDERED.

Date: 02/06/2025

_____
M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via CM/ECF