UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BEVERLEY C. SALAHUDDIN THOMPSON, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:23-cv-02094-TWP-MKK ) |
| THE TRUSTEES OF INDIANA UNIVERSITY, et al., | ) ) ) ) ) |
| Defendants. | ) |

## **ORDER**

Before the Court is Plaintiff's Motion to Strike portions of Defendants' Response in Opposition to Plaintiff's Motion for Leave to Take Additional Depositions, (Dkt. 85). Dkt. [115]. For the reasons set forth below, this Court, having fully reviewed the matter, **GRANTS IN PART** the Motion.

Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored, but "where . . . motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Allegations may be stricken pursuant to Rule 12(f) "if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992). It is within the Court's discretion to grant or deny a motion to strike. *McLeod*

*v. Arrow Maine Transp., Inc.*, 258 F.3d 608, 617 (7th Cir. 2001). And "[a]lthough Rule 12(f) 'does not explicitly authorize a motion to strike documents other than pleadings, courts routinely entertain such motions.'" *Keaton v. Hannum*, No. 1:12-cv-00641-SEB-MJD, 2013 WL 1800577, at *1 (S.D. Ind. Apr. 29, 2013) (quoting *City of Sterling Heights Gen. Employees' Retirement Sys. v. Hospira, Inc.*, No. 11–c–8332, 2013 WL 566805, at *11 (N.D. Ill. Feb. 13, 2013)).

Here, Plaintiff seeks to strike portions of Defendants' Response in Opposition to her Motion for Leave to Take Additional Depositions ("Defendants' Response"). (Dkt. 115). In Plaintiff's view, the objectional paragraphs consist of "irrelevant attacks" on her that "contain nothing that corresponds to the legal standard for allowing additional depositions." (*Id.* at 2).

First, Plaintiff requests that the Court strike Defendants' references to Plaintiff's settlement demands. (*Id.* at 4). Plaintiff argues that the inclusion of her demand violates Federal Rule of Evidence 408 ("Rule 408"). (Dkt. 115 at 4). In response, Defendants argue that the settlement demand is relevant in assessing the reasonableness of Plaintiff's request for additional depositions. (Dkt. 124 at 3). Additionally, Defendants argue that Rule 408 "does not provide a cloak of confidentiality," and "only makes settlement [demands] inadmissible for proving the validity or amount of a claim or to impeach by a prior inconsistent statement." (*Id.*).

The Court agrees with Defendants that Rule 408 does not prohibit the use of the settlement demand in this context. However, the Court finds that reference to the settlement demand is unnecessary and not related to Plaintiff's Motion for

2

Additional Depositions. *See 1100 W., LLC v. Red Spot Paint & Varnish Co.*, No. 1:05-cv-1670-LJM-JMS, 2008 WL 4545311, at *3 (S.D. Ind. Oct. 8, 2008) (striking disclosure of settlement demand when it was not necessary for Defendant's argument). Indeed, the "Discussion" section of Defendants' Response does not mention the settlement demand at all. (*See* Dkt. 84 at 14–16; Dkt. 85 at 14–16). Thus, the Court **GRANTS** the Motion, Dkt. [115], to the extent that Section "G. Plaintiff's Demand" (Dkt. 84 at 8; Dkt. 85 at 8), is **STRICKEN** from the record.

Next, Plaintiff argues that certain portions of the "Facts" section of Defendants' Response should be stricken as not relevant to Plaintiff's Motion for Leave to Take Additional Depositions. (Dkt. 115 at 5–6). Plaintiff also argues that this section contains "highly scandalous and prejudicial statements[] included solely to inflame the Court and damage Ms. Thompson's character." (*Id.* at 7). In response, Defendants argue that these details provide important context for the Court to consider when deciding whether to grant Plaintiff's Motion for Leave to Take Additional Depositions. (Dkt. 124 at 2–3).

The Court agrees that most of the factual details highlighted by Plaintiff do not appear material to the issues raised by her Motion for Leave to Take Additional Depositions, and thus should be stricken as immaterial. *See Malibu Media, LLC v. Tashiro*, No. 1:13-cv-205-WTL-MJD, 2013 WL 4763498, at *4 (S.D. Ind. Sept. 4, 2013) ("Although the information in Exhibit C may become *relevant* evidence at some point during the pendency of this matter, it is *immaterial* to the allegations in the complaint.") (emphasis in original). Indeed, Defendants do not seem to draw on

3

these facts in their "Discussion" section, with the exception of the amount of discovery Plaintiff has already pursued. (*See* Dkt. 84 at 14–16; Dkt. 85 at 14–16). The Court also finds that the nature of many of these particular facts likely rise to the level of "scandalous." Thus, the Court **GRANTS** the Motion, Dkt. [115], to the extent that Sections "A" through "G," (Dkt. 84 at 3–8; Dkt. 85 at 3–8), are **STRICKEN** from the record.

For the foregoing reasons, the Court **GRANTS IN PART** Plaintiff's Motion to Strike. [Dkt. 115]. The following Sections of Defendants' Response are STRICKEN from the record:

- Section "G. Plaintiff's Demand," (Dkt. 84 at 8; Dkt. 85 at 8)
- Sections "A" through "G," (Dkt. 84 at 3–8; Dkt. 85 at 3-8).

So ORDERED.

Date: 02/06/2025

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via CM/ECF