IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BEVERLEY C. SALAHUDDIN THOMPSON, | ) ) ) |
| Plaintiff, | ) ) ) Cause No. 1:23-cv-02094-TWP-MKK |
| vs. | ) ) ) |
| THE TRUSTEES OF INDIANA UNIVERSITY, | ) ) ) |
| Defendant. | ) |

# PLAINTIFF'S STATEMENT OF CLAIMS

Plaintiff Beverley C. Salahuddin Thompson ("Beverley"), by counsel, for her Statement of Claims she intends to prove at trial[1], states as follows:

Defendant the Trustees of Indiana University ("IU") violated Title IX of the Education Amendments Act of 1972 ("Title IX"), by discriminating against Beverley because of her gender, including treating similarly situated individuals outside of Beverley's protected class more favorably because of Beverley's gender. Namely, IU treated males more favorably in similar circumstances than Beverley in the following ways:

1. IU sought disciplinary charges against Beverley for public intoxication and insisted that she needed to be treated for alcoholism when she was not willingly intoxicated and did not willingly violate any university rules or policies.

---

[1] By limiting this Statement of Claims to those claims that survived Defendants' Motion to Dismiss, Beverley does not waive her appellate rights as to the dismissed claims.

2. IU sought sexual misconduct charges against Beverley for her state of dress when she was found disoriented on campus even though she was not knowingly or willingly without sufficient clothing.

3. IU pursued disciplinary charges against Beverley, rather than following its practice of waiving them, and required Beverley to attend a Judicial Conference within a few days of charging her with misconduct, despite repeated requests to postpone this Judicial Conference as permitted by IU's policies and procedures and routinely granted by the Office of Student Conduct ("OSC") in other instances, during which IU forced Beverley to unnecessarily discuss and re-live her recent assault.

4. OSC failed to properly investigate the October 13, 2021 incidents involving Beverley before bringing misconduct charges against her.

5. IU's Police Department, a department of IU, ("IUPD") refused to fully and properly investigate the sexual assault of Beverley and/or transfer the investigation of Beverley's sexual assault and involuntary drugging to the Indiana State Police ("ISP") or provide Beverley's sexual assault kit to the ISP for testing, in violation of its field training, policies, practices and procedures.

6. IU's Police Department failed to preserve and destroyed Beverley's sexual assault kit on April 4, 2024, despite having full knowledge of the identity of the sexual assault kit, despite receiving repeated admonishments to preserve the sexual assault kit, despite knowing of the pendency of Beverley's lawsuit against IU and

       despite discussions of the sexual assault kit in March of 2024 during the initial pre-trial conference in this case.

7. IU's litigation preservation notice and process of distribution was ineffective to properly preserve evidence in this matter.

IU's breaches of its own field training, policies, practices, and/or procedures further demonstrate IU's discriminatory treatment of Beverley, which are further outlined in the *Second Amended Complaint for Damages and Demand for Trial by Jury*.

    The resulting hostile environment created by IU in a) pursuing Beverely for false disciplinary charges despite knowing she was sexually assaulted and involuntarily drugged; b) forcing her to attend the Judicial Conference within a few days of the misconduct charges against her; c) refusing to continue the Judicial Conference, requiring Beverley to discuss and re-live the night of the recent sexual assault and involuntary drugging; d) violating its own policies and/or practices by refusing to waive disciplinary charges against Beverley; e) refusing to fully and properly investigate the sexual assault of Beverley; f) refusing to transfer the investigation of Beverley's sexual assault and involuntary drugging to the ISP; g) refusing to provide Beverley's sexual assault kit to the ISP for testing, in violation of its field training, policies, practices and procedures; h) destroying Beverley's sexual assault kit; and i) interfering with any criminal investigation of the sexual assault and involuntary drugging of Beverely was severe and pervasive and denied Beverely equal access to educational opportunities. Beverley experienced significant emotional harm and was forced to delay starting law school by a year because of the sexual assault and involuntary drugging and resulting improper disciplinary charges against Beverley because of her gender. Despite full

knowledge of this hostile environment, IU refused to correct it, demonstrating deliberate indifference to the discrimination and hostile environment.

Other acts by IU of discrimination and harassment because of Beverley's gender include:

1. IU intentionally discriminated against Beverley by denying her access to educational opportunities and programs because of her sex, including by over-pursuing disciplinary charges against her, demonstrating skepticism over her reports of a sexual assault and/or involuntary drugging, using rape myths and other stereotypes to justify its behavior, and ignoring and/or violating its own field training, policies, and procedures.

2. This discrimination against Beverley created its own hostile environment that interfered with the benefits of an educational program and/or opportunity at IU, including by causing Beverley to miss classes, avoid participating in on-campus events, avoid student activities, only live part-time in Bloomington through the end of the semester, stop socializing with nearly all of her classmates, avoid attending her own graduation ceremony at IU, break her lease early, and avoid applying to law school at IU even though before October of 2021, Beverley had planned to attend IU for law school in the Fall of 2022.

3. At minimum, IU contributed to a hostile environment in its treatment of and behavior towards Beverley.

4. After IU's treatment of Beverley during and after the October 2021 sexual assault and involuntary drugging, Beverley was forced to take a year off before she was

    able to begin law school and only applied to out-of-state law schools, which were far more expensive than the in-state tuition at Indiana University.

5. Because of IU's actions, Beverley was forced to report the misconduct proceedings on her applications to law school, and she will be forced again to report the misconduct proceedings in her future applications to the state bars in which she seeks to be licensed as an attorney in or around July of 2026, including Washington DC and California.

IU also violated Title VI of the Civil Rights Act of 1964 ("Title VI"), by discriminating against Beverley because of her race, including by treating similarly situated individuals outside of Beverley's protected class more favorably because of her race. IU treated persons outside of Beverley's protected class (race) under similar circumstances more favorably than IU treated Beverley in the following ways:

1. IU sought disciplinary charges against Beverley for public intoxication and insisted that she needed to be treated for alcoholism when she was not willingly intoxicated and did not willingly violate any university rules or policies.

2. IU sought sexual misconduct charges against Beverley for her state of dress when she was found disoriented on campus even though she was not knowingly or willingly without sufficient clothing.

3. IU pursued disciplinary charges against Beverley, rather than following its practice of waiving them, and required Beverley to attend a Judicial Conference within a few days of charging her with misconduct, despite repeated requests to postpone this Judicial Conference as permitted by IU's policies and procedures and routinely

granted by the OSC in other instances, despite being told prior to the initial Judicial Conference by Beverley's counsel that she was sexually assaulted and involuntarily drugged.

4. OSC failed to properly investigate the October 13, 2021 incidents involving Beverley before bringing misconduct charges against her.

5. IU failed to follow Clery Act requirements and notifications in connection with the October 13, 2021 incidents involving Beverley.

6. IUPD refused to fully and properly investigate the sexual assault of Beverley and/or transfer the investigation of Beverley's sexual assault and involuntary drugging to the ISP or provide Beverley's sexual assault kit to the ISP for testing, in violation of its field training, policies, practices, and procedures.

7. IUPD destroyed Beverley's sexual assault kit on April 4, 2024, despite having full knowledge of the identity of the sexual assault kit, despite receiving repeated admonishments to preserve the sexual assault kit, despite knowing of the pendency of Beverley's lawsuit against IU, and despite discussions of the sexual assault kit in March of 2024 during the initial pre-trial conference in this case.

8. IU's litigation preservation notice and process of distribution was ineffective to properly preserve evidence in this matter.

IU's breaches of its own field training, policies, practices, and/or procedures as outlined in the *Second Amended Complaint for Damages and Demand for Trial by Jury* further demonstrate IU's discriminatory treatment of Beverley because of her race.

The resulting hostile environment created by IU in a) pursuing Beverely for false disciplinary charges despite knowing she was sexually assaulted and involuntarily drugged; b) forcing her to attend the Judicial Conference within a few days of the misconduct charges against her; c) refusing to continue the Judicial Conference, requiring Beverley to discuss and re-live the night of the recent sexual assault and involuntary drugging; d) violating its own policies and/or practices by refusing to waive disciplinary charges against Beverley; e) refusing to fully and properly investigate the sexual assault of Beverley; f) refusing to transfer the investigation of Beverley's sexual assault and involuntary drugging to the ISP in violation of its policies; g) refusing to provide Beverley's sexual assault kit to the ISP for testing, in violation of its field training, policies, practices, and procedures; h) destroying Beverley's sexual assault kit; and i) interfering with any criminal investigation of the sexual assault and involuntary drugging of Beverely was severe and pervasive and denied Beverley equal access to educational opportunities. Beverley experienced significant emotional harm and was forced to delay starting law school by a year because of the sexual assault and involuntary drugging and resulting improper disciplinary charges against Beverley because of her race. Despite full knowledge of this hostile environment, IU refused to correct it, demonstrating deliberate indifference to the discrimination and hostile environment.

Other acts by IU of discrimination and harassment because of Beverley's race include:

1. IU intentionally discriminated against Beverley by denying her access to educational opportunities and programs because of her race, including by over-pursuing disciplinary charges against her, demonstrating skepticism over her

7

reports of a sexual assault and/or involuntary drugging, using rape myths and other stereotypes to justify its behavior, and ignoring and/or violating its own field training, policies, and procedures.

2. This discrimination against Beverley created its own hostile environment that interfered with the benefits of an educational program and/or opportunity at Indiana University, including by causing Beverley to miss classes, avoid participating in on-campus events, avoid student activities, only live part-time in Bloomington through the end of the semester, stop socializing with nearly all of her classmates, avoid attending her own graduation ceremony at IU, break her lease early, and avoid applying to law school at Indiana University even though before October of 2021, Beverley had planned to attend Indiana University for law school in the Fall of 2022.

3. At minimum, IU contributed to a hostile environment in its treatment of and behavior towards Beverley.

4. After IU's treatment of Beverley during and after the October 2021 sexual assault and involuntary drugging, Beverley was forced to take a year off before she was able to begin law school and only applied to out-of-state law schools, which were far more expensive than the in-state tuition at Indiana University.

5. Because of IU's actions, Beverley was forced to report the misconduct proceedings on her applications to law school, and she will be forced again to report the misconduct proceedings in her future applications to the state bars in

which she seeks to be licensed as an attorney in or around July of 2026, including Washington DC and California.

Finally, IU's intentional and/or reckless pattern of conduct caused severe emotional distress to Beverley. IU's actions, taken together, forced Beverley to endure an overall pattern of extreme and outrageous conduct, including but not limited to:

1. Forcing Beverley to endure a disciplinary process despite full knowledge of Beverley's allegations of a sexual assault and involuntary drugging—contrary to IU's own policies otherwise;

2. Taking Beverley's medical records from IU Health in violation of HIPAA and refusing to return such evidence; and

3. By recklessly and/or intentionally destroying, and not preserving, evidence while this lawsuit was pending—namely Beverley's sexual assault kit—despite repeated requests for IU to preserve Beverley's sexual assault kit and with full knowledge of Beverley's legal claims against IU;

4. Treating Beverley—a victim—as an alcoholic who brought this situation on herself, by relying on clearly false information, stereotypes, and rape myths; and

5. Inexplicably refusing to transfer Beverley's sexual assault kit to ISP and allow ISP to test Beverley's sexual assault kit or investigate Beverley's criminal matter— contrary to its own policies and previous practices.

IU's actions, taken together, constitute extreme and outrageous conduct.

This Statement of Claims may be amended at the conclusion of the Rule 30(b)(6) depositions of IU's representatives. Additional facts to support Beverley's discrimination

claims and intentional infliction of emotional distress claim as well as her resulting damages may be introduced at trial. Beverley will also defend against any affirmative defenses asserted by Defendant.

                                              Respectfully submitted,

                                              *s/ Courtney E. Endwright*
                                              Sandra L. Blevins, Atty. No. 19646-49
                                              Jamie A. Maddox, Atty. No. 26522-49
                                              Courtney E. Endwright, Atty. No. 30557-49

                                              *Attorneys for Plaintiff Beverley C. Salahuddin Thompson*

BETZ + BLEVINS
One Indiana Square, Suite 1660
Indianapolis, Indiana 46204
Office: (317) 687-2222
Fax: (317) 687-2221
E-mail:   sblevins@betzadvocates.com
              jmaddox@betzadvocates.com
              cendwright@betzadvocates.com
              litigation@betzadvocates.com